5589.   MAYOR AND COUNCIL OF AMERICUS. *v.*
GAMMAGE.

1. The court in charging the jury did not err in the statement of the plaintiff's contentions.
2. In view of the improper argument of counsel, in which it was stated that the ultimate liability for any damages that might be awarded by the jury would fall upon others than the nominal parties in the case, the court's instructions to the jury on that subject were warranted and appropriate. If the remarks of counsel had been such as tended to inflame passion or to prejudice the minds of the jury, the court might have used a more immediate and drastic remedy, but since the only possible harmful effect of the statement made by counsel would have been to withdraw the minds of the jury from the real issues in the case, the court did not err in refusing to order a mistrial on account of the improper argument.
3. The amount of compensation for pain and suffering is determinable only by the enlightened consciences of impartial jurors, and the court correctly instructed the jury that if they found there was an injury, and that there was pain and suffering, it was for the jury to ascertain from the evidence the exact injury and the nature of the pain and suffering, whether extreme or slight, and, after they had determined the nature, extent, and duration of the pain and suffering, to fix such an amount as compensation as their enlightened consciences as fair and impartial jurors might dictate. This instruction was not subject to exception as suggesting to the jury to find for permanent injuries.
4. A verdict for damages based on personal injuries and pain and suffering can not be said to be legally excessive unless it is manifestly the result of bias or prejudice, or improper influence.

DECIDED NOVEMBER 4, 1914.   REHEARING DENIED FEBRUARY 11, 1915.

Action for damages; from city court of Americus—Judge Harper. February 14, 1914.

*J. B. Hudson, Hollis Fort,* for plaintiff in error.

*L. J. Blalock, J. A. Hixon, R. L. Berner,* contra.

RUSSELL, C. J.   L. O. Gammage brought suit against the mayor and council of the City of Americus, in the city court of Americus, alleging damages for personal injuries occasioned by the plaintiff's having fallen into an open ditch in one of the streets of the city on the night of January 15, 1912. The plaintiff's petition alleged, that he was an engineer in the switch-yards, working at night, and that while en route from his home to his work, and while passing along Dodson street, he fell into a deep ditch which had been left open and unguarded by the employees of the city; that the ditch into which he fell was sunk in the street some time during the day and between the time he passed along the street returning from his work in the morning and the time of his injury at 7 o'clock p. m.;

that his injury was caused by the negligence of the city and its em-
ployees in failing to place lights or guards over and around the ex-
cavation, and was in no wise caused by want of due diligence on his
part; that the night was dark, the street unlighted, and he was
unable to see the excavation before falling; that he was 37 years
old, and had a reasonable expectancy of 30 years to live; that he
had an average income of $170 per month; that he had undergone
great pain and suffering by reason of the injuries received from the
fall, and that such pain and suffering would likely be permanent.
He further alleged that he had given the city due notice of his
claim in writing as required by law. Damages were laid in the peti-
tion in the sum of $3,500, including loss of time for three months
and twenty days and doctor's bill of $150, incurred for treatment
of the injuries. The defendants filed a general denial of the plain-
tiff's petition, and pleaded that they had used all ordinary care and
diligence in the construction of the work complained of, and had
not failed to perform any duty owing by them to the plaintiff, and
that if ordinary care and diligence had been exercised on the part
of the plaintiff, no damage would have accrued.

The plaintiff testified, that, as was his custom, he started from
his house on Lee street in the City of Americus about 7 o'clock
p. m., on January 15, 1912, to go to his work in the switch-yard;
that while passing down Dodson street and in attempting to cross
Alice avenue, which there intersected Dodson street, he suddenly
fell into a ditch in the center of Alice avenue, which was being
dug for the purpose of placing a sewer. It was a dark night and
drizzling rain was falling. The ditch was deeper than the plain-
tiff's head, and there was no light of any kind in the vicinity that
shed any light on the place where he fell. The night was so dark
that it was impossible to see the ditch, or even his hand before his
face. He did not know how long he lay in the ditch before he re-
gained consciousness, which he lost when he fell. Finally some
parties came and tried to get him out of the ditch, but could not.
Later he walked down the ditch and crawled out by means of the
engine that was used for ditching. An employee of the city came
to him with a light, and was asked by him, "Why haven't you got
a light on this ditch?" The employee replied, "We have got more
ditches than we have lights. We haven't got enough to go round."
The plaintiff further testified, that his knee was wrenched; that he

was hurt in his side and in his groins, and was unable to work for nearly three months after the injury; that he was still weak in the back and could not lift anything at all. The only way he can work is by wearing a brace and by having a helper to do the heavy part of his work. There is a chain of knots from the centre of his stomach to his backbone, and when the brace is removed the knots enlarge. Before he was injured he was capable of earning $170 monthly, but the injury from the fall has decreased his capacity to perform labor. He testified, that he had lost 96 days time from his work at $5 per day, and that his doctor's bill and expense for medicine to the time of filing suit was $177. One of the physicians who treated the plaintiff testified that plaintiff had a chain of enlarged glands on his left side and also in his back, and that "he suffers a great deal. There is no doubt about that. . . I would say that he suffered a great deal from the time of the injury to the time of the filing of the suit. He suffered severe pain. He was more or less bruised all over. It is liable to be permanent. I can not tell." Another physician who had treated plaintiff's injuries testified that the injuries were severe, and "will probably be permanent." There was some evidence, introduced on the part of the defendant, tending to deny the plaintiff's testimony as to the absence of light near the street intersection where he claimed to have been injured, and also some evidence tending to show that his injuries were not so severe as claimed by him.

The jury returned a verdict for the full amount sued for, $3,500. The defendant filed a motion for a new trial, and excepts to the judgment overruling this motion.

1. The plaintiff in error insists that the court erred in submitting to the jury certain of the contentions of the plaintiff, in that "it was calculated to and did mislead the jury as to the true issues involved in the case; it was but the submission of issues to the jury which involved permanent injury, and in this case the sole issue was that of damages for temporary injuries." There is no merit in this assignment of error, for two reasons. Upon reading the charge as a whole, it appears that the court, in the part of the charge to which the exceptions relate, was (as stated by the court at the time) merely giving to the jury the contentions of the plaintiff as "contained in his petition," and that this part was followed by very fair and correct instructions as to the law applicable to the

petition, the answer, and the evidence in the case, and the part complained of was not in fact a charge, but a mere reading to the jury of what the petition contained, preliminary to the real charge as to the law of the case. There is no merit in the contention of the plaintiff in error as to this portion of the charge, because there was evidence which would have authorized a recovery for permanent injuries. The plaintiff alleged that his injuries were permanent, and that his earning capacity had been decreased fifty per cent. He testified that his capacity to perform labor had been decreased, and that he was unable to perform his duties properly at the time of the trial. In addition to this, one of the physicians testified: "He suffers a great deal. There is no doubt about that. . . It is liable to be permanent." Still another physician testified that his injuries would "probably be permanent." It is the right and duty of the judge to charge the several contentions of the parties (*City & Suburban Railway* v. *Findley,* 76 *Ga.* 311), and when a party alleges permanent injuries and introduces testimony in support of the allegation it certainly is one of his contentions.

2. In the motion for a new trial error is assigned upon the following instruction: "A municipal corporation is created by legislative authority and vested with certain powers, and is subject to certain liabilities as prescribed by law, and wherever in its operations or conduct or dealings it becomes liable to a citizen or member of the public in damages, it is immaterial, and is no concern of the jury, whether the taxpayers of the city must ultimately bear that burden, or whether the city must raise the revenue to pay such liability from any other source. For the purpose of civil liability a municipal corporation stands in the same relation as an individual, not of course with the same responsibility and liability, but, as stated, its rights are to be determined and its liabilities ascertained according to the laws which control it and govern it, and without any reference as to whether the city has any contractor who, in case it is subject to liability, shall be liable over to the city. Those are questions which, though touched upon in argument of counsel for both plaintiff and defendant, are immaterial to your consideration in determining in this case whether the city is liable or not." It is insisted that this instruction misled the jury as to the true issues involved, and that the court should not have corrected misconduct of counsel in argument by instructions incor-

porated in his charge. It is contended that instead of charging the jury upon the subject, the misconduct of counsel should have been corrected at the time the offense was committed, either by such a rebuke in the presence and hearing of the jury as would have been effective for that purpose or by declaring a mistrial. In the 7th ground of the amendment to the motion for a new trial the same point is raised by an exception to the court's refusal to declare a mistrial. It appears that in the concluding argument of counsel for the plaintiff he said to the jury: "If you give a verdict to the plaintiff it will not have to be ultimately paid by the mayor and council of Americus or by the taxpayers thereof, but by the contractor who dug the ditch in the street and who was doing the work." Defendant's counsel made a motion for mistrial in the following language: "I move a mistrial in this case, on the ground that counsel has argued that it would not be on the mayor and city council to pay any damage arising in this suit or on the taxpayers. Your honor ruled that it was improper argument, and it is offered solely with a view to prejudicing the jury, and is not warranted by the evidence or any legitimate conclusion therefrom." It is very evident, from the language of counsel himself in making the motion for mistrial, as well as from the statement of the judge in his charge, that the plaintiff's counsel was replying to a similar argument by the defendant's counsel. The judge overruled the motion for a mistrial, with the statement that he would undertake "to cure any prejudice that may have arisen" in his charge. It is evident also that it was the sole intention of the court, in giving the charge above quoted, to correct any wrong impression that might have been made by counsel for either party, and there was no error in so doing. It is clear from the record that improper argument was made along this line by the counsel for each party; and certainly the defendant can not complain that the argument was prejudicial and thus take advantage of it by having a mistrial declared, when he was the first to use such improper argument on the trial.

3. It is contended that the court erred in instructing the jury as follows: "Another element of damages would be for any pain and suffering that you might be able to determine from the evidence resulted from the injuries sustained, if you believe he sustained injuries. In determining compensation for such pain and suffering

there is no rule laid down for the jury to determine the amount of compensation, other than the enlightened consciences of impartial jurors. It is a matter for you to decide, if you find that there was an injury and that there was pain and suffering (and it is a matter for you to ascertain from the evidence the exact injury and nature of the pain and suffering, whether extreme or slight), and after you have determined the pain and suffering, the nature and extent and duration of it, you will then fix such amount as compensation as your enlightened consciences as fair and impartial jurors may dictate." The alleged error in this part of the charge is that it submitted to the jury the right to find for permanent injuries, and from the time of the injury to the time of the finding of the verdict, when, as contended, the court should have limited their finding for pain and suffering from the date of the alleged injury to the filing of the suit. There certainly can be no error in the charge on the ground stated. The language quoted was prefaced as follows: "I charge you that the range of your inquiry as to the elements of damage will be from the date of the alleged injury, January 15, 1912, until the filing of this suit, May 26, 1912." Certainly any ordinarily intelligent jury could not have misunderstood this plain instruction, followed as it was by the three elements of damage claimed (to wit, loss of time, doctor's bill, and compensation for pain and suffering), and have understood it to mean that they were permitted to consider any element of damage on a date not within those named. Under our view of the law this charge, taken in connection with the pleadings and the testimony, was much more favorable to the defendant than to the plaintiff. Even if the court had failed to limit the jury as to the time, as was done in the preface to the charge quoted, it would not have been error, for, as was said in *Ball* v. *Mabry,* 91 *Ga.* 781 (18 S. E. 64), "In a proper case, it is not error to charge that the plaintiff is entitled to recover for pain and suffering he will probably endure in the future." In our view this was a proper case for such instructions.

4. The movant contends that the verdict for $3,500 is excessive, and that a new trial should be granted on that ground. Unless the verdict in an action of this kind is manifestly the result of bias or prejudice, or improper influence, shown to have affected the jury, it is not for this court to say that it is legally excessive. *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 670 (7) (62

S. E. 130). It was for the jury to determine what was reasonable compensation for the plaintiff's pain and suffering, and it is not for us to say that $2,848—the amount of the verdict above the actual damages—is excessive for the injuries sustained. The jury heard the evidence and saw the witnesses. They heard the plaintiff and his physicians testify as to the extent and duration of the pain. The verdict has received the approval of the trial judge, and will not be disturbed by this court.

*Judgment affirmed. Roan, J., absent.*