35856.  FAULKNER *v.* BROWN.

Decided September 20, 1955.

*Cumming, Nixon & Eve,* for plaintiff in error.

*Albert G. Ingram, Jr.,* contra.

QUILLIAN, J. 1. Under the general grounds of the motion for new trial the defendant contends that there was not sufficient evidence to support the verdict. Where there is a conflict in the evidence, the jury (in this case the judge) has the prerogative to determine the credibility of the witnesses who appear and testify; and where the verdict is supported by some evidence, the appellate courts will not reverse the judgment of the trial judge in overruling a ground of a motion for a new trial based upon the assignment that the verdict is without evidence to support it.

In the case at bar a witness testified that the defendant made the statement that she did not stop for the stop sign and that it was her fault. This was evidence of the defendant's negligence, upon which the verdict could have been based, notwithstanding her denial of having made the statement. "Admissions are evidence, and when a jury bases a verdict thereon, and the trial judge approves the finding, this court will not interfere with his discretion in refusing a new trial. *Burk* v. *Hill*, 119 *Ga.* 38 (45 S. E. 732). The evidentiary value of admissions is not annulled by the contradictory testimony of the person charged with making them. 'It is for the trier of the fact to see whether it was true or false when made.' Kirkwood Gymnasium &c. Asso. *v.* Van Ness, 61 Mo. App. 361, 364." *Wootten* v. *Braswell*, 48 *Ga. App.* 312 (2) (172 S. E. 679).

2. The special ground of the motion for new trial assigns as error that the verdict was excessive because there was no evidence of any damages except $10, which was paid for medical expenses.

The plaintiff alleged $1,700 damages for pain and suffering. He testified that he had a knot on his head and quite a bit of pain in his chest, which lasted for about four to six weeks. This was ample evidence of his pain and suffering. A verdict based upon pain and suffering can not be said to be excessive unless it manifestly resulted from bias, or prejudice, or improper influence, which is not true of the present case. *Mayor &c. of Americus* v. *Gammage,* 15 *Ga. App.* 805 (84 S. E. 144).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*