## 43117, 43118. GERMAINE v. WEBSTER'S SHOPPING CENTER, INC. (two cases).

Eberhardt, Judge. Plaintiff in fi. fa. caused a levy to be made on certain merchandise not in possession of the defendant in fi. fa. and a claim was filed thereto by Webster's Shopping Center, Inc. in whose possession it was. Claimant moved for summary judgment and in support of its motion submitted depositions and affidavits in which ownership of the property levied on was positively asserted to be in claimant. Plaintiff in fi. fa. filed a verified response to the motion for summary judgment in which there was the general assertion that the property under levy had been disposed of by defendant in fi. fa. in a bulk sale without having complied with the requirements of the Bulk Sales Law. Claimant submitted further affidavits, bills of sale, leases and assignments thereof, for the purpose of showing that in all transactions had with defendant in fi. fa. there had been no purchase or sale of merchandise, only store fixtures and leases having been involved. Plaintiff in fi. fa. submitted no evidence either in support of her response or in opposition to the evidence presented by claimant. Held:

Since the property levied on was not in the possession of the defendant in fi. fa., the burden of showing that it was subject to levy under the execution was on plaintiff in fi. fa. Code § 39-904. The bare assertion in a response to the motion for summary judgment that "the property in question was disposed of by defendant in execution by a purported illegal sale of bulk merchandise in violation of the bulk sales act of Georgia," unsupported by any evidence of a bulk sale made by the defendant in fi. fa. was insufficient to raise a genuine issue of fact in the face of the positive uncontradicted evidence of its ownership submitted by claimant.

Where the motion is supported by affidavits, depositions or

other evidentiary matter showing a prima facie right in the movant to have judgment rendered in its favor, the duty is cast upon the opposing party to produce rebuttal evidence at the hearing sufficient to show the existence of a genuine issue of fact. *Cochran v. Southern Business University,* 110 Ga. App. 666 (1) (139 SE2d 400); *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193). And though the verified pleading (here the verified response) "bristles with serious allegations," if the pleader does nothing to contradict the affidavits or other evidence submitted by movant which show that there is no right in the pleader to prevail and demonstrates movant's right to judgment, grant of the motion is proper. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580).

*Judgments affirmed. Felton, C. J., and Hall, J., concur.*

Argued October 2, 1967—Decided October 6, 1967—Rehearing denied October 25, 1967.

Claim. Chatham Superior Court. Before Judge Harrison.

*John R. Calhoun, Aaron Kravitch,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Walter C. Hartridge, II,* for appellee.