A90A2023. OWEN v. M & M METRO SUPPLY, INC.
(401 SE2d 612)

BEASLEY, Judge.

M & M Metro Supply filed a complaint against Owen, alleging that he owed $14,103.77 on open account.

Owen filed a pro se answer contending that "[t]here was unsurupius [sic] actions taken which may involve forgery."

Some months later plaintiff filed a request that the case be put on the next available trial calender, and on February 3 it filed a pretrial order. The case was placed on the trial calendar for the week beginning Monday, March 12. In the interim plaintiff filed a motion for summary judgment accompanied by its comptroller's affidavit and certain business records showing unpaid invoices in the amount of $14,103.77 charged to Owen's account. The affiant stated that plaintiff was in possession of no other documents purporting to bear defendant's signature and that there had been no forgery of any documents relating to his account. The certificate of service stated that a copy of the motion for summary judgment was served on February 28.

On Monday, March 12 and Monday, March 26, both sides appeared in court and announced ready. The case was finally reached on Thursday, March 29. Plaintiff announced ready but defendant did not appear, so plaintiff moved that defendant's pleadings be stricken and that a default judgment be entered. A default judgment was entered on March 30.

Defendant Owen moved that the case be re-opened. The court set aside the default judgment and on May 11 set the matter for a hearing on May 24 on plaintiff's motion for summary judgment. Defendant was given until June 4 to file evidence in opposition to the motion.

On the day of the hearing, defendant filed a "Brief In Support of Defendant's Motion To Set Aside Summary Judgment." It alleges that plaintiff sold defendant a vehicle which appellee did not own; there were material defects which were covered by warranties which were not honored; and, without obtaining defendant's co-payee endorsement, plaintiff cashed a check and failed to apply any proceeds of the account.

The court noted that the brief was neither executed under oath nor alleged sufficient facts to support the allegations of fraud. It concluded: "It now appears that the court was correct in granting the Default Judgment entered March 30, 1990." It held that plaintiff had pierced the defensive pleadings and that it was therefore entitled to summary judgment, in that no genuine issues of material fact remained. Judgment was entered in plaintiff's favor.

Defendant now complains that he received no notice of the motion for summary judgment until the default judgment was set aside on May 11. On this basis, he contends that the trial court erred in setting the hearing on the motion for summary judgment on May 24, since OCGA § 9-11-56 (c) requires such a motion to be served at least 30 days before the time fixed for the hearing. He also argues that neither plaintiff's pleadings nor its affidavit pierced his allegations of forgery and conversion of funds.

1. Proof of service of pleadings and other papers subsequent to the filing of the original complaint may be by certificate of counsel. OCGA § 9-11-5 (b); *Allen v. Bd. of Tax Assessors of Paulding County*, 247 Ga. 568 (277 SE2d 660) (1981). Such service is perfected where there is proof of service in one of the ways specified in the statute, even though the adverse party may not have in fact received actual notice. *Allen v. Bd. of Tax Assessors,* supra. In addition, where, as here, a party appears at the summary judgment hearing without objection, he waives a complaint that the hearing is being held less than 30 days after service of the motion. *Connell v. Connell*, 119 Ga. App. 485, 488 (4) (167 SE2d 686) (1969).

2. Where a party files a motion for summary judgment supported

by evidence, the adverse party may not rest upon the bare allegations or assertions in his responsive pleadings; his response, by some form of contrary evidence, must set forth specific facts showing that there is a genuine issue of material fact to be tried. OCGA § 9-11-56 (e); *Germaine v. Webster's Shopping Center,* 116 Ga. App. 547 (158 SE2d 682) (1967); see *Horton v. Middle Ga. Bank,* 191 Ga. App. 51, 52-53 (2) (380 SE2d 749) (1989). "The burden of proof is shifted when the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law. At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him. *Skinner v. Humble Oil &c. Co.,* 145 Ga. App. 372 (243 SE2d 732) (1978)." (Emphasis in original.) *Kelly v. American Fed. Savings &c. Assn.,* 178 Ga. App. 542, 542-543 (1) (343 SE2d 755) (1986).

This the appellant did not do. "[A] shadowy semblance of an issue is not enough to defeat the motion [for summary judgment]." *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (1) (126 SE2d 442) (1962).

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991.

*G. Wilson Jones,* for appellant.

*Jeffrey B. Talley & Associates, Michael J. Ratelle, F. Andrew Lane, Jr.,* for appellee.