A95A1369. PRECISION CARPET CARE, INC. v. REALTY MANAGEMENT CORPORATION.
(460 SE2d 875)

BLACKBURN, Judge.

After an unsuccessful effort to collect a $38,534 default judgment awarded against Lane Company, Inc., in 1991, Precision Carpet Care attempted to seize property in the possession of Realty Management Corporation (RMC) in satisfaction of the judgment. By consent order, execution of the levy was stayed, and RMC posted a $40,000 surety bond. RMC moved to dismiss the levy, submitting affidavit and documentary evidence of its separate corporate identity and the series of stock transfers by which RMC ultimately acquired "the Lane Company" as a trade name. In response, Precision Carpet Care produced the affidavit of its president testifying simply that "the one time president and sole owner of Lane fraudulently transferred the assets and liabilities of Lane Company to Realty Management Company" and "Lane Company and Realty Management Company have the same business identity and customers." This appeal followed the trial court's grant of RMC's motion to dismiss the levy and release its posted surety bond.

Precision Carpet Care contends dismissal of the levy against the assets of RMC was erroneous. It reasserts on appeal that, under the name of "the Lane Company," RMC conducts the same type of enterprise as had Lane Company, Inc., and further maintains that Lane Company, Inc. fraudulently transferred its assets to RMC to avoid the debt to Precision Carpet Care.

Since the property levied on was not in the possession of Lane Company, Inc., it was Precision Carpet Care's burden to show that it was subject to levy under the execution. OCGA § 9-13-102. Here the motion to dismiss was supported by the affidavit of George H. Lane III, former president of Lane Company, Inc., and sole shareholder and president of RMC, along with other evidence of a ten-year course of stock transfers, mergers, and corporate restructurings. The evidence shows that by 1987 Lane had no ownership interest in Lane Company, Inc., and RMC never possessed such an interest. Further, RMC conducts business as "the Lane Company" by virtue of Lane's 1988 purchase of the right to use that trade name.

Thus supported, the motion to dismiss levy became a motion for summary judgment. OCGA § 9-11-12 (c). RMC's evidence established

a prima facie right to have judgment rendered in its favor. To survive the motion, Precision Carpet Care was obliged to produce rebuttal evidence to show the existence of a genuine issue of fact. While we view the evidence in a light most favorable to the party opposing a motion for summary judgment, unsupported conclusionary allegations of fraud and corporate identity are nevertheless insufficient to raise a genuine issue of fact in the face of uncontradicted evidence of RMC's separate corporate existence. *Germaine v. Webster's Shopping Center*, 116 Ga. App. 547 (158 SE2d 682) (1967). Accordingly, the trial court correctly dismissed the levy and released RMC's bond.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED AUGUST 2, 1995.

*Richard A. Coleman*, for appellant.

*Morris, Manning & Martin, Frank W. DeBorde, William J. Sheppard*, for appellee.