A02A0421. MORRISON v. J. H. HARVEY COMPANY, INC.
(567 SE2d 370)

PHIPPS, Judge.

On July 13, 2000, Evelyn Morrison sued J. H. Harvey Company (Harvey) for negligence in having caused her to slip and fall while a patron at Harvey's Supermarket in Brunswick on July 14, 1998. Morrison testified by affidavit that the fall occurred on July 14, 1998, contrary to numerous documents and affidavits submitted by Harvey reflecting that the fall occurred on July 11, 1998. Finding a contradiction between Morrison's affidavit testimony and certain of her interrogatory responses on the issue of when the fall occurred, the trial court construed Morrison's testimony against her and awarded summary judgment to Harvey based on the running of the applicable two-year statute of limitation. We hold that Morrison did not give

contradictory testimony and that a conflict in the evidence necessitates submission of this case to a jury. We, therefore, reverse.

In answering Harvey's interrogatories, Morrison acknowledged that after she fell at Harvey's Supermarket, she was taken by ambulance to the emergency room of Southeast Georgia Regional Medical Center, and that she had not been involved in any other accident or occurrence at this supermarket except the one giving rise to this suit. The emergency room report, which bears Morrison's signature, reflects that her treatment at that facility occurred on July 11, 1998. The emergency room physician whose name appears in the report testified by affidavit that he treated Morrison for a slip and fall at Harvey's Supermarket on July 11, 1998. In addition, the manager of the supermarket testified by affidavit that Morrison's slip and fall occurred on July 11, 1998. As a result of the slip and fall, the supermarket prepared a customer accident report which shows the date of the fall as July 11, 1998. In her affidavit, Morrison nonetheless averred that the slip and fall occurred on July 14, 1998.

According to the trial court, Morrison "must explain the discrepancy between her discovery responses, which tie the date of her fall to the date of her emergency room treatment, and her contention by affidavit that the fall occurred on a date subsequent to the date of that treatment." Citing *Anglin v. Harris*,[1] the court ruled that Morrison's failure to explain this discrepancy renders her opposition to summary judgment a conclusory statement insufficient to create a dispute of material fact.

1. *Anglin* applies the rule articulated in *Prophecy Corp. v. Charles Rossignol, Inc.*[2] that "[t]he testimony of a respondent on summary judgment is to be construed against her where it is self-contradictory, vague, or equivocal,"[3] absent a reasonable explanation.[4]

The first question is whether answers to interrogatories constitute "testimony" within the meaning of the *Prophecy Corp.* rule. We hold that they may, as it has been recognized that answers to interrogatories by a party may be admissible in evidence as admissions,[5] and that admissions are evidence.[6]

2. The next question is whether Morrison's affidavit testimony and her discovery-response admissions are self-contradictory, vague,

---

[1] 244 Ga. App. 140 (1) (534 SE2d 874) (2000).

[2] 256 Ga. 27, 28 (1) (343 SE2d 680) (1986).

[3] (Footnote omitted.) *Anglin, supra*, 244 Ga. App. at 142 (1).

[4] *Shiver v. Norfolk-Southern R. Co.*, 269 Ga. 168, 169 (496 SE2d 903) (1998).

[5] *Crosby v. Cooper Tire &c. Co.*, 240 Ga. App. 857, 867 (8) (524 SE2d 313) (1999), rev'd on other grounds, *Cooper Tire &c. Co. v. Crosby*, 273 Ga. 454 (543 SE2d 21) (2001).

[6] *Faulkner v. Brown*, 92 Ga. App. 602, 603 (1) (89 SE2d 583) (1955).

or equivocal.[7] In her affidavit, Morrison testified without vagueness or equivocation that her slip and fall at Harvey's Supermarket occurred on July 14.[8] This testimony is not contradicted by Morrison's interrogatory-response admissions that she was treated for her injuries at the emergency room on the same date as the fall and that this was the only time she ever fell at this supermarket. Although Morrison's discovery responses do tie the date of her fall to the date of her treatment at the emergency room, they do not address the issue of when those events occurred. Contrary to the finding of the trial court, Morrison did not testify in her affidavit that the fall occurred on a date subsequent to her treatment. Morrison merely testified that the fall (and thus the treatment) occurred on a date subsequent to that shown by Harvey's evidence.

Unquestionably, Harvey has presented a compendium of persuasive evidence (including a document signed by Morrison) reflecting that Morrison's slip and fall occurred on July 11. And Morrison has failed to explain her basis for challenging this evidence. The *Prophecy Corp.* rule, however, does not extend so far as to require any explanation unless the testimony is self-contradictory, vague, or equivocal. Consequently, we find *Prophecy Corp.* and thus *Anglin* inapplicable here.

If this case were to be presented to a jury, and if the jury were to find that the slip and fall occurred on the fourteenth of the month rather than the eleventh, such a verdict, though decidedly against the weight of the evidence, would be supported by testimonial evidence given by Morrison.[9] The trial court thus erred in granting Harvey's motion for summary judgment. As recognized in cases such as *Tronitec, Inc. v. Shealy*,[10] determining witness credibility and weighing the evidence are jury functions and not those of the judge in ruling on a motion for summary judgment.

3. The dissent refers to certain of Morrison's interrogatory answers, which we have not considered. The reason we have not considered them is that the parties have not raised any arguments concerning them. The reason for this would be that they bear no real relevance to this appeal, as there is no conflict between these interrogatory responses and Morrison's affidavit testimony.

---

[7] In *Anglin*, the plaintiff against whom summary judgment was awarded gave equivocal testimony in her deposition as to the date of the accident giving rise to the suit. Here, Morrison's deposition was not taken. Had it been, she may have been caught in the same equivocation as was Anglin.

[8] Compare *Anglin*, supra, where the plaintiff in her deposition equivocated on the issue of when the accident occurred.

[9] We do not mean to imply that Harvey could not assert that Morrison's position lacked substantial justification under OCGA § 9-15-14 (b) if the jury returned a defense verdict.

[10] 249 Ga. App. 442, 448 (6) (547 SE2d 749) (2001).

The dissent correctly notes that Morrison stated in her interrogatory responses that her medical bills and records were attached but that neither the attachments nor photocopies thereof appear in the appellate record. Nonetheless, the dissent assumes that medical records were attached to Morrison's responses and that they reflect the same date for her fall as that set forth in the records relied on by Harvey. Based on this assumption, the dissent would find a conflict between Morrison's affidavit testimony and this documentary evidence (supposedly) relied on by her. If such a conflict were in fact shown by the record, we might agree with the dissent that summary judgment was correctly granted to Harvey under *Prophecy Corp.* (or some extension thereof). Because such a conflict does not appear in the record, we are forced to conclude that Harvey was not entitled to summary judgment.

*Judgment reversed. Johnson, P. J., Smith, P. J., and Miller, J., concur and concur specially. Mikell, J., concurs specially. Blackburn, C. J., and Andrews, P. J., dissent.*

MIKELL, Judge, concurring specially.

Although I agree generally with the majority, I write separately because the rule in *Prophecy Corp. v. Charles Rossignol, Inc.*[11] applies only to "self-contradictory, vague or equivocal" testimony and only to testimony given by the plaintiff. It does not apply when a plaintiff's testimony conflicts with discovery furnished by the plaintiff or with other evidence in the record.

Testimony means words spoken or written under oath.[12] Evidence is a broader, generic term which includes testimony but also includes exhibits, documents, etc. Answers to interrogatories could be the sworn testimony of a party. If so, they would fall within the rule of *Prophecy Corp.* and could be compared with that party's deposition or that party's affidavit in a search for contradictions, vagueness, or equivocation. In the case at bar, however, the plaintiff's answers to the defendant's interrogatories are not testimony at all. They are not under oath. Moreover, they do not even purport to be the words of the party plaintiff. They are signed by her attorney rather than by the party, as required by OCGA § 9-11-33.[13] The only testimony by the plaintiff in the record seems to be her affidavit of August 9, 2001, submitted in opposition to the motion for summary judgment. There is no other testimony by her with which to compare it in order to invoke the rule in *Prophecy Corp.*

---

[11] 256 Ga. 27 (343 SE2d 680) (1986). Accord *Anglin v. Harris*, 244 Ga. App. 140 (534 SE2d 874) (2000).

[12] Black's Law Dictionary (5th ed. 1979), p. 1324.

[13] *Williamson v. Lunsford*, 119 Ga. App. 240 (2) (166 SE2d 622) (1969).

The trial court was correct that the contemporaneous, documentary evidence, including the hospital records and the business records of the defendant, establishes that the fall occurred on July 11, 1998. That objective evidence, some of which bears the signatures of the plaintiff or her husband, combined with the affidavit testimony submitted by the defendant, including the affidavit of the emergency room physician, seems convincing evidence as to the date of the injuries. The only evidence in favor of the plaintiff is her subjective recollection, in an affidavit prepared three years after the event, that the fall occurred on July 14, 1998. Nonetheless, under our longstanding tradition in Georgia civil practice, that affidavit is adequate to defeat a motion for summary judgment, unless the *Prophecy Corp.* rule applies.[14] The reason for our longstanding tradition regarding summary judgments is that any other procedure would start the trial and appellate courts on the slippery slope toward weighing evidence. That weighing is the task of a jury.

Our adherence to this traditional procedure does not mean that a movant for summary judgment is helpless when its objective evidence is confronted by self-serving, subjective recollection. The movant could serve requests for admissions per OCGA § 9-11-36 and thereafter move for all expenses incurred in proving the truth of the matter pursuant to OCGA § 9-11-37 (c). Or the movant could take the party's deposition and attempt to come within the purview of *Prophecy Corp.* But a movant may not ask a judge to weigh the strong, objective evidence against the subjective affidavit and grant summary judgment. Therefore the majority is correct, and we must reverse the trial court and remand the matter for further proceedings.

I am authorized to state that Presiding Judge Johnson, Presiding Judge Smith, and Judge Miller join in this special concurrence.

ANDREWS, Presiding Judge, dissenting.

Because I believe the trial court correctly determined that plaintiff Morrison had failed to reasonably explain evidentiary discrepancies between her affidavit and her responses to interrogatories as

---

[14] In *Anglin,* supra, 244 Ga. App. at 142 (1), the testimony of the plaintiff was, "at best, equivocal as to the day and date of the accident." *Anglin* recites a general rule of law that " '[a] shadowy semblance of an issue is not enough to defeat the motion for summary judgment,' " citing *Owen v. M & M Metro Supply,* 198 Ga. App. 420, 422 (2) (401 SE2d 612) (1991). *Owen* cites the leading Georgia case on summary judgment procedure, *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (1) (126 SE2d 442) (1962). Although a correct statement of the law, the rule is dictum in all three decisions. When resolution of disputed facts would negative an essential element of the plaintiff's case, or would establish a bar to the action (e.g., the expiration of the statute of limitation), then a genuine issue exists. When a genuine issue exists, slight evidence in opposition defeats a motion for summary judgment, unless *Prophecy Corp.* applies.

required by *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), I must respectfully dissent.

In addition to the facts set out in the majority, Morrison's answers to other interrogatories should be considered. Interrogatory Number 4 asked if Morrison had been involved "in any accident, casualty, automobile collision or other occurrence at any time before *or after* the incident described in your complaint" which resulted in any injury. (Emphasis supplied.) In response, she stated, "None." Interrogatory Number 11 asked for the names of each person reasonably believed to have information "relevant to the alleged casualty" or supportive of the allegations made in her pleadings. In response, she listed the manager and employees of Harvey, the paramedics who transported her to the hospital, and the treating physicians at the emergency room. She also referred, in her answers to interrogatories, to her "medical bills and records" as evidentiary support of her claims. Although they are not attached to the interrogatory responses in the record here, those responses state that the records are attached. At least two sets of the emergency room medical records are contained in the record here, and every page contains either a computer imprinted notation of the date, July 11, 1998, or a handwritten notation of that date, including the page signed by Morrison.

The affidavit filed by Morrison cannot be considered in a vacuum, as has been done by the majority, in concluding that, in her affidavit testimony, she "testified without vagueness or equivocation" that the fall occurred on July 14. The majority finds the affidavit not contradicted by the interrogatory responses because, although the responses "do tie the date of her fall to the date of her treatment at the emergency room, they do not address the issue of when those events occurred."

It is unclear how the court reaches this conclusion when, considering all of the interrogatory responses, including Morrison's own reliance on the hospital records in support of her claim, there is an inherent conflict. As stated in *Prophecy Corp.*, supra at 30 (2), "[i]t is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony."

Morrison's statement that the accident occurred on July 14 is in direct contradiction of the medical records which she put forth in support of her claim and attached to her answers to interrogatories. Also, Interrogatory Number 21 asked what Morrison was doing 24 hours "immediately prior to and . . . immediately following the incident complained of," i.e., the fall at Harvey's. In response, she stated that she had been shopping prior to the incident and that "Plaintiff was at the emergency room, then at home with complete bed rest the 24 hours after the incident occurred."

The burden rests on the party giving contradictory testimony to

offer a reasonable explanation for the contradiction, and whether that has been done is a question of law for the trial judge. *Prophecy Corp.*, supra. Here, as concluded by the trial court, no such reasonable explanation was offered. As in *Anglin v. Harris*, 244 Ga. App. 140 (534 SE2d 874) (2000), Morrison failed to come forward with evidence contradicting the unequivocal contemporary medical records and business records which showed the accident and treatment occurred on July 11, entitling Harvey to summary judgment on its affirmative defense. *Miller v. Kitchens*, 251 Ga. App. 225, 227 (553 SE2d 300) (2001).

I am authorized to state that Chief Judge Blackburn joins in this dissent.

DECIDED JUNE 20, 2002.

*Walter D. Adams*, for appellant.
*W. Douglas Childs*, for appellee.