35486. TUGGLE *v.* WALLER.

Decided March 2, 1955—Rehearing denied March 25, 1955.

723

*Whitman & Whitman, Erwin Sibley,* for plaintiff in error.
*Peter J. Rice, Randall Evans, Jr.,* contra.

FELTON, C. J. 1. There was not a fatal variance between the allegations and the proof. It is true that there are no allegations in the petition with reference to trying to escape injury by grasping the steering wheel, etc., but there was no objection to the testimony on the ground that it did not sustain the allegations of the petition; so, conceding but not deciding that such objection would have been good, the allegations in the petition to the effect that the plaintiff could not escape from the path of the automobile and thus avoid injury did not relate to the negligence of the defendant, but related to the exercise of care by the plaintiff in the effort to avoid injury, and the petition could have been amended to meet the objection. There is no merit in this contention.

2. There is no merit in the contention that a verdict was demanded for the defendant because the plaintiff's testimony was vague, inconsistent, and contradictory, and clearly showed that the plaintiff was not entitled to recover. The plaintiff's testimony was not vague, inconsistent, or contradictory. His extra-

judicial statement, which in some ways contradicted his testimony, cannot bring the rule of construction of a party's testimony into play, for the simple reason that such evidence is not a part of the plaintiff's testimony on the trial. The general grounds of the amended motion for a new trial are without merit.

3. In ground (b) of the amended motion for a new trial error is assigned on the charge: "Applied to the preservation of property, ordinary diligence means that care which every prudent man takes of his own property of a similar nature." We do not consider that this charge requires the grant of a new trial. If the jury had believed the extra-judicial statement of the plaintiff that he was endeavoring to prevent the defendant's automobile from striking a truck, rather than his testimony that he was endeavoring to avoid injury to himself, they would have had to decide how much care was required of the plaintiff in his effort to protect property. The charge given required ordinary care. We do not see how the charge could have hurt the defendant. *Rushton* v. *Howle,* 79 *Ga. App.* 360 (53 S. E. 2d 768). There was no assignment of error on the failure of the judge to charge the principle stated in the case just cited. The charge as a whole was more favorable to the defendant than the law requires.

4. Ground (c) is without merit.

5. There was evidence from which a jury could find the difference in the plaintiff's earning capacity between that before and that after the injuries sustained as a result of the alleged negligence of the defendant. The charge complained of in ground (d) was not erroneous for any reason assigned.

6. It was not error to fail to charge the law on comparative negligence, since there were no pleadings which raised this question, and there was no request to charge on the subject. No charge is required on an issue not made by the pleadings. *Benton Rapid Express* v. *Sammons,* 63 *Ga. App.* 23, 30 (10 S. E. 2d 290); *Ga. Power Co.* v. *Weaver,* 68 *Ga. App.* 652, 656 (3) (23 S. E. 2d 730); *Callaway* v. *Fischer,* 69 *Ga. App.* 251, 256 (5) (25 S. E. 2d 131); *Hatcher* v. *Bray,* 88 *Ga. App.* 344, 349 (8) (77 S. E. 2d 64). Grounds (e) and (f) are without merit.

7. The verdict of $7,000 was not excessive.

The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*