42296. ATLANTIC COAST LINE RAILROAD COMPANY v. HALL.

ARGUED SEPTEMBER 7, 1966—DECIDED OCTOBER 7, 1966—
REHEARING DENIED NOVEMBER 1, 1966—

*Bennett, Pedrick & Bennett, Larry E. Pedrick, John W. Bennett,* for appellant.

*Thomas A. Parker, Gibson, McGee & Blount, Lamar Gibson,* for appellee.

JORDAN, Judge. ■ The rule is well established in Georgia that the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague or equivocal. *Western &c. R. Co. v. Evans,* 96 Ga. 481 (23 SE 494); *Southern R. Co. v. Hobbs,* 121 Ga. 428 (49 SE 294), and many subsequent cases.

We cannot agree with appellant's contention, however, that this rule should be applied under the circumstances existing here.

This court has strictly applied the rule and has held that it does not extend to or include a pre-trial deposition (*Branan v. LaGrange Truck Lines*, 94 Ga. App. 829 (96 SE2d 364)); to an extra-judicial affidavit and letter (*Swift & Co. v. Hall*, 94 Ga. App. 239 (94 SE2d 145)); to stricken pleadings containing an admission (*Bynes v. Stafford*, 106 Ga. App. 406 (127 SE2d 159)), or to a signed statement taken by an investigator. *Tuggle v. Waller*, 91 Ga. App. 721 (87 SE2d 123). In this case we have a statement taken by the company investigator and signed by the plaintiff. Even though such statement in some ways contradicted the testimony of the plaintiff on the trial of the case and was introduced in evidence by the defendant, the stated rule would not aid the defendant under the authorities cited above limiting its application to the actual testimony given by the party witness at the time of the trial. The plaintiff's testimony at the time of the trial was to some extent explanatory of the discrepancies, and taken as a whole was not so contradictory, vague or equivocal as to the basic elements of his case as to invoke the application of the rule in this case.

■ In an action under the Federal Employers' Liability Act (45 U.S.C. § 51) there must be a complete absence of probative facts to support the verdict of the jury before reversible error appears on an issue as to the sufficiency of the evidence. The jury, in arriving at its verdict, if there is an evidentiary basis to support its conclusion, is free to discard or disbelieve whatever facts are inconsistent with its conclusion. Lavender v. Kurn, 327 U. S. 645, 653 (66 SC 740, 90 LE 916); Dennis v. Denver & Rio Grande Western R. Co., 375 U. S. 208, 210 (84 SC 291, 11 LE2d 256).

". . . [W]hether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death." Rogers v. Missouri Pacific R. Co., 352 U. S. 500, 507 (77 SC 443, 1 LE2d 493).

Applying this test the verdict for the plaintiff is supported by the evidence, and the trial court did not err in overruling the

defendant's motion for judgment n.o.v. in accordance with its previous motion for a directed verdict.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*