## 45311. MARIETTA INTERNATIONAL SALES, INC. v. FEDERATED MUTUAL IMPLEMENT & HARDWARE INSURANCE COMPANY.

ARGUED MAY 4, 1970—DECIDED JULY 2, 1970.

*Walter W. Calhoun,* for appellant.

*Lokey & Bowden, Charles M. Lokey,* for appellee.

BELL, Chief Judge. There is no dispute as to the existence of the policy or as to its terms with respect to a theft loss of a consigned motor vehicle. The trial court in its order granting defendant's motion stated that applying the rationale of our decision in Division 3 of *Chandler v. Gately,* 119 Ga. App. 513 (3) (167 SE2d 697), plaintiff was bound by the out-of-court statement of its president that the truck was not held for "resale"; and this evidence demands judgment for defendant. In *Chandler,* the rule of evidence that the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague or equivocal was held applicable in a summary judgment proceeding. However, in this case, the evidence submitted has a different posture than in the *Chandler* case. Here the statement of the president obtained by the defendant's adjuster is not a part of plaintiff's case. The rule of construction of a party's testimony applied in *Chandler* does not extend to or include an out-of-court statement taken by an investigator. *Tuggle v. Waller,* 91 Ga. App. 721, 723 (87 SE2d 123); *Atlantic C. L. R. Co. v. Hall,* 114 Ga. App. 538 (1) (151 SE2d 914). In this litigation, the statement must be categorized as an out-of-court admission of a corporate party opponent made by its president inconsistent with its contention in the case. An admission by the president, its alter ego, is ordinarily admissible in evidence at trial if he speaks in the performance of his official duties relating to the transaction in controversy. This is clearly the case here. *Baker v. Lowe Electric Co.,* 47 Ga. App. 259 (6) (170 SE 337). An admission is just evidence and the weight accorded it is a matter for jury determination. *Phoenix Ins. Co. v. Gray,* 113 Ga. 424 (38 SE 992). Accordingly, plaintiff on summary judgment is not bound

by this inconsistent extra-judicial admission, provided of course there is other admissible evidence which would raise a factual issue.

Therefore, we must now consider whether there is any issue of material fact for jury determination. The affidavits of plaintiff which contain evidence that the stolen vehicle was being held by plaintiff for sale does raise an issue of fact. However, defendant contends that this evidence is not admissible, as it would add to the written loan agreement in violation of the parol evidence rule. We believe that the evidence of this apparent oral arrangement between plaintiff and International Harvester which granted plaintiff authority to sell the vehicle does not fall within the parol evidence rule. This evidence does not in any respect alter the written loan agreement. It is collateral to, independent of, and not inconsistent with the writing. *Langenback v. Mays,* 205 Ga. 706 (54 SE2d 401, 11 ALR2d 1221). Therefore, plaintiff's evidence would be admissible, and as a consequence there is a genuine issue of material fact as to whether the vehicle was being held for sale. The trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Quillian and Whitman, JJ., concur.*