## 47645. CARTER et al. v. MADRAY.

EVANS, Judge. On May 31, 1970, William Peter Carter, aged 20, was drowned while swimming in a lake in Wayne County owned by Dave L. Madray, d/b/a Lakeshore Motel. It was alleged that a sign was posted by the owner of the lake assuring patrons that a lifeguard was then and there on duty; and that a charge was made by the owner for the privilege of swimming in the lake, which charge was paid by William Peter Carter before he entered the lake. An action for her son's wrongful homicide was filed against the owner of the lake by Mrs. Mary Alice Carter; and an action for loss of services was filed by M. D. Carter, the father. An action for funeral expenses was filed by M. D. Carter, as temporary administrator of the estate of William Peter Carter.

Defendant answered and admitted that William Peter Carter was swimming in his lake on the day in question, but alleged that the sole and proximate cause of death was Carter's failure to exercise ordinary care for his own safety, due to his physical condition, fitness and swimming ability. Defendant also contended that Carter assumed the risk of an accident under the conditions and circumstances then existing; and that his negligence was equal to or greater than any negligence committed by defendant.

The case proceeded to trial and the jury returned a verdict for the defendant in all three of the claims involved. The judgment followed the verdict, and all plaintiffs appeal. *Held:*

1. Defendant offered evidence that on the day of the drowning, the father made admissions against his interest in stating that both he and Mrs. Mary Alice Carter and a physician had admonished their son not to go in swimming because of prior epileptic seizures,

which would endanger his life. These statements, although denied by the father, were sworn to by three witnesses. Plaintiff objected to this testimony, and same was admitted over such objections, and error is now enumerated on such admission. Although prejudicial to plaintiffs, nevertheless this evidence was relevant and material. Code §§ 38-403, 38-420. In *Wade v. Drinkard,* 76 Ga. App. 159 (5), 163 (45 SE2d 231) it was held that the statement of a motorist that the collision was his fault and he had insurance was admissible as an admission against interest, despite the general rule which excludes reference to being insured against liability; and irrespective of whether it was a part of the res gestae. For other authorities on this point see *Young v. Carter,* 121 Ga. App. 191, 192 (173 SE2d 259); *Elder v. Smith,* 121 Ga. App. 461, 464 (174 SE2d 239); *Hix v. Headrick,* 97 Ga. App. 540 (1) (103 SE2d 516); *Hobbs v. New England Ins. Co.,* 212 Ga. 513 (6),520 (93 SE2d 653). See also *Burk v. Hill,* 119 Ga. 38 (45 SE 732); *Wootten v. Braswell,* 48 Ga. App. 312 (2) (172 SE 679).

Further, plaintiffs introduced testimony in an effort to minimize the likelihood that epilepsy played any part in their son's drowning, and defendant was authorized to introduce the above evidence to be considered in rebuttal of such testimony. *Sims v. Hoff,* 106 Ga. App. 626 (1b) (127 SE2d 679); *Jackson's Mill & Lumber Co. v. Holliday,* 108 Ga. App. 663 (3) (134 SE2d 563).

2. During oral argument in this court appellant's counsel devoted considerable time to discussing the charge by the court as to the admissions against interest made by both plaintiff and defendant, and contended that the court's charge was not sufficient in such respect, in that it did not sufficiently instruct the jury as to the proper manner in which to consider and weigh such admissions. However, we find no enumeration of error on this subject, and it was not mentioned in appellant's

brief. We are unable to consider this alleged error, absent an enumeration of error raising this point.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED NOVEMBER 6, 1972— DECIDED JANUARY 11, 1973— REHEARING DENIED FEBRUARY 2, 1973—

*Joseph B. Bergen, John D. Mattox,* for appellants.

*Thomas & Howard, Hubert H. Howard, Robert B. Smith, Gibbs & Leaphart, J. Alvin Leaphart,* for appellee.

