## 54751. SOUTHERN HERITAGE MANAGEMENT COMPANY, INC. v. ELROD'S CUSTOM DRAPERY WORKROOM, INC.

McMURRAY, Judge.

This is a suit on an open account. Plaintiff's motion for summary judgment was granted and defendant appeals.

Among the evidence presented by plaintiff in support of its motion for summary judgment was a letter dated July 22, 1976, to plaintiff from defendant promising to pay the unpaid balance on the account in question according to a schedule set forth in the letter. The affidavit of defendant's president submitted in opposition to plaintiff's motion for summary judgment states that defendant is a management company for apartment complexes; that no one with authority has requested that credit be extended to defendant by plaintiff; and that defendant never received any goods from plaintiff. Defendant's president further states that the apartments are liable for any goods or services performed by plaintiff; that the apartments had paid for all goods in the past before their inability to do so; and that an attempt at settlement was made, the letter of July 22, 1976, being a settlement in behalf of the apartment complexes rather than an assumption of liability by the defendant. *Held:*

The trial court stated in its ruling that the letter of July 22, 1976, constituted an admission by defendant that credit had been extended to it in the amount claimed; therefore, plaintiff was entitled to judgment as a matter of law, and accordingly, the court granted plaintiff's motion

for summary judgment. Generally, proof of an explicit voluntary admission by a person of a fact adverse to his own interest is, in any civil proceeding against him, prima facie evidence of the existence of that fact; and, unless explained or denied, such admission may, of itself, authorize the jury to find accordingly. *Scott v. Kelly-Springfield Tire Co.,* 33 Ga. App. 297 (1) (125 SE 773). Here the admission created by defendant's promise to pay was explained and denied by the affidavit of defendant's president when he stated that the letter dated July 22, 1976, was intended to be a settlement in behalf of the apartment complexes represented by defendant and not an assumption of liability by defendant. The admission made by the promise to pay in the letter of July 22, 1976, having been explained and denied by conflicting evidence, the weight of that admission was solely for the jury, and the court erred in granting plaintiff's motion for summary judgment. Code § 38-420; *Marietta International Sales, Inc. v. Federated Mut. Implement &c. Ins. Co.,* 122 Ga. App. 133, 134 (176 SE2d 460). Since the admission by defendant is not held to be conclusive, another issue of material fact also remains on the question of whether defendant's capacity as agent was revealed to plaintiff. See Code § 4-406; *Yarbrough & Co. v. Travis Pruitt & Associates,* 130 Ga. App. 49 (202 SE2d 227).

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED OCTOBER 4, 1977 — DECIDED NOVEMBER 28, 1977.

*James C. Wallace,* for appellant.
*Henry L. Young, Jr.,* for appellee.