## 72966. CLARK v. TOMS et al.
(353 SE2d 54)

McMurray, Presiding Judge.

This is an action for damages arising from a one-vehicle wreck. Plaintiff alleges that defendant Toms negligently lost control of an automobile in which she was riding as guest passenger. (Defendant Toms' stepfather is also named as defendant under the family purpose doctrine.)

Defendants' evidence is that plaintiff rather than defendant Toms was driving at the time of the wreck. Plaintiff has no recollection as to whether she was driving at the time of the wreck, but has presented the deposition of two witnesses who testify that on the night of the wreck defendant Toms made statements that he was the driver of the automobile.

Defendants moved for summary judgment. Defendants' motion was granted and plaintiff appeals. *Held*:

"Generally, proof of an explicit voluntary admission by a person of a fact adverse to his own interest is, in any civil proceeding against him, prima facie evidence of the existence of that fact; and, unless explained or denied, such admission may, of itself, authorize the jury to find accordingly. *Scott v. Kelly-Springfield Tire Co.*, 33 Ga. App. 297 (1) (125 SE 773)." *Southern Heritage Mgt. Co. v. Elrod's Custom Drapery Workroom*, 144 Ga. App. 139, 140 (240 SE2d 607). An "admission" is an out-of-court-statement which is inconsistent with the contentions of a party. *Seaboard Coast Line R. Co. v. Duncan*, 123 Ga. App. 479, 480 (1) (181 SE2d 535). Evidence as to an admission against interest is admissible irrespective of whether it was a part of the res gestae. *Carter v. Madray*, 128 Ga. App. 40, 41 (1) (195 SE2d 685). Admissions need not be shown to be against interest when made in order to render them admissible. *W. T. Harvey Lumber Co. v. J. M. Wells Lumber Co.*, 104 Ga. App. 498 (2) (122 SE2d 143).

In the case sub judice defendants have attempted to explain defendant Toms' statement, that he was the driver of the automobile, as an attempt to avoid parental wrath for disobeying instructions that he was never to let another drive his step-father's automobile. The weight of defendant Toms' admission, which conflicts with both defendants' explanation (of the admission) and defendants' direct evidence (that plaintiff was driving), is for the jury. *Southern Heritage Mgt. Co. v. Elrod's Custom Drapery Workroom*, 144 Ga. App. 139, 140, supra. OCGA § 24-4-7 is not applicable to the case sub judice. The trial court erred in granting defendants' motion for summary judgment.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.

*James W. Hurt, Douglas Newsome,* for appellant.
*Hilliard P. Burt,* for appellees.