A97A0732. HALL v. STATE OF GEORGIA.
(486 SE2d 710)

POPE, Presiding Judge.

Suspecting Rodriquez Hall of drug activity, an Augusta police officer stopped him to ask questions. Hall voluntarily pulled from his pocket a bundle of cash totaling $3,800, which he told the officer he had earned "gambling in Hyde Park, throwing dice." Pursuant to OCGA § 16-12-32, the officer seized the money as contraband derived from gambling but did not charge Hall with any offense. After a bench trial, the trial court declared the money forfeited. Hall appeals, arguing that the evidence is insufficient to support the forfeiture

because his "confession" to the source of the money was uncorroborated.

We find Hall's argument without merit and the evidence sufficient. Although an uncorroborated confession will not support a *criminal conviction*, OCGA § 24-3-53, a forfeiture action is a *civil* proceeding. See *Murphy v. State*, 267 Ga. 120, 121 (475 SE2d 907) (1996). The State, as plaintiff, was required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases. *Griffin v. State of Ga.*, 211 Ga. App. 750 (2) (440 SE2d 483) (1994). In a civil case, an out-of-court confession is an admission against interest, and its introduction into evidence makes out a prima facie case for the plaintiff. See *Clark v. Toms*, 181 Ga. App. 557 (353 SE2d 54) (1987); *Edwards v. Bullard*, 131 Ga. App. 34, 37 (3) (205 SE2d 115) (1974). Here, Hall's statement constituted an admission that the $3,800 was "derived from" gambling and was subject to forfeiture. See OCGA § 16-12-32 (b). With the State's prima facie case complete, the trial court was authorized to find in the State's favor and declare these funds forfeited. See *Rabern v. State of Ga.*, 221 Ga. App. 874, 877-878 (3) (473 SE2d 547) (1996).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 15, 1997.

Before Judge Mulherin.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.