**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEREMY JAMES ROSETTA,

Defendant-Appellant.

No. 97-2023
(D.C. No. CR-96-132-BB)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

Jeremy James Rosetta appeals his conviction and sentence for sexual abuse under 18 U.S.C. §§ 1153 and 2242(1). He contends the victim's out-of-court statements about the assault to her mother, a police officer, a community health worker, and a doctor were improperly admitted into evidence, and that a statement by the prosecutor in opening argument was an impermissible comment on Rosetta's right to remain silent. He also challenges the restitution imposed as part of his sentence, arguing the district court failed to make findings of fact resolving

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his objections to the findings in the presentence report as to the victim's monetary loss. We affirm the conviction, but vacate the restitution portion of the sentence and remand to the district court.

I.

Rosetta contends the district court erred in admitting into evidence during redirect examination the victim's testimony that she told her mother Rosetta had raped her. Relying on Tome v. United States, 513 U.S. 150 (1995), he argues the statement was inadmissible under Fed. R. Evid. 801(d)(1)(B), which provides that a witness' out-of-court statements are not hearsay if they are consistent with the witness' testimony and are offered to rebut a charge of recent fabrication or improper influence or motive. In Tome, the Court held consistent statements are admissible under the rule only if they are made before the charge of recent fabrication or improper influence. Id. at 156. Rosetta's defense was that he had consensual sex with the victim. He argues a motive arose to fabricate a rape accusation against him when the victim's husband punched her for being out all morning, and that the statement is inadmissible because the victim made her statement to her mother after she was punched.

Because the victim's statement to her mother was made after the alleged motive arose, it did not satisfy the Tome requirements. However, we conclude the statement was not hearsay for another reason--it was adopted by the victim

under oath on the witness stand. Although the district court did not rely on this ground, we may affirm for reasons other than those relied on by the district court. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994). An evidentiary ruling can be affirmed on any proper ground. Sheets v. Salt Lake County, 45 F.3d 1383, 1390 (10th Cir.), cert. denied 116 S. Ct. 74 (1995).

The advisory committee note to Fed. R. Evid. 801(d)(1) explains: "If the witness admits on the stand that he made the statement and that it was true, he adopts the statement and there is no hearsay problem." Because the adopted statement is not hearsay, it is substantive evidence and need not be limited to impeachment or rehabilitation of the witness. Adoption of prior statements by a witness will "make the statements a part of the witness' present testimony." Tripp v. United States, 295 F.2d 418, 425 (10th Cir. 1961). See also Amarin Plastics, Inc. v. Maryland Cup Corp., 946 F.2d 147, 153 (1st Cir. 1991). Here, the victim testified under oath that she told her mother Rosetta had raped her, and that Rosetta did in fact rape her. She adopted the statement made to her mother as her present testimony. Consequently, the statement was not hearsay and was substantive evidence of the rape.

Moreover, any error in admitting the statement was harmless. The statement to which Rosetta objects was a bare statement that the victim told her mother Rosetta had raped her. By the time the victim gave this testimony on

redirect, she had already testified unequivocally and in detail on direct and cross-examination that Rosetta had raped her. By contrast, in Tome, admission of the hearsay statements was not harmless because they were detailed and the victim's in-court testimony was weak. We conclude the victim's statement could not have had a substantial effect on the jury's verdict and was therefore harmless. See United States v. Birch, 39 F.3d 1089, 1094 (10th Cir. 1994).

II.

Rosetta contends the district court erred in admitting an officer's testimony that the victim told him she had been raped. Although the victim made the statement approximately nine hours after the assault, the court admitted the testimony under the present sense impression exception to the hearsay rule, Fed. R. Evid. 803(1), and as non-hearsay offered to prove not that the rape occurred but to explain why the officer conducted an investigation.

The testimony was not properly admitted under 803(1) because a delay of minutes or hours between an event and a statement bars resort to 803(1). See 4 Christopher B. Mueller and Laird C. Kirkpatrick, Federal Evidence § 434, pp. 385-87 (2d ed. 1994). However, the statement was not hearsay to the extent it was offered to explain the officer's actions in investigating the case rather than as substantive evidence of the rape. See United States v. Wilson, 107 F.3d 774, 780 (10th Cir. 1997); United States v. Freeman, 816 F.2d 558, 563 (10th Cir. 1987);

Federal Evidence § 387, p. 87.  In <u>United States v. Cass</u>, __ F.3d ____, 1997 WL 634174 (1997), we held hearsay statements offered to explain the course of an investigation were inadmissible because the statements were also used as substantive evidence of the crime and were so numerous and pervasive that they presented a danger of prejudice.  Here, by contrast, the officer's brief statement that the victim reported a rape was not offered as substantive evidence and did not present the same risk of prejudice as those in <u>Cass</u>.

Moreover, this court may affirm for reasons other than those relied on by the district court, <u>see</u> <u>Sandoval</u>, 29 F.3d at 542 n.6, and an evidentiary ruling can be affirmed on any proper ground, <u>see</u> <u>Sheets</u>, 45 F.3d at 1390.  Even if offered as substantive evidence of the rape, the victim's statement to the officer fit within the excited utterance exception to the hearsay rule, Fed. R. Evid. 803(2).  A statement made hours after a stressful event may fit within the excited utterance exception if the declarant was still under stress caused by the event.  <u>See</u> <u>United States v. Farley</u>, 992 F.2d 1122, 1126 (10th Cir. 1993); Federal Evidence § 425, p. 400.

The doctor who treated the victim seven hours after the assault testified she was "acutely traumatized" and was in a "panic state."  The doctor stated it was not unusual for a rape victim to be unable to function or make decisions for a period of time.  The officer testified that when he interviewed the victim, she was in an

emotional state, was crying, and would not look him in the face. Because there was evidence the victim was still under stress from the assault, her statement to the officer was properly admissible under 803(2). Even if admission of the statement was in error, any error in admitting the officer's brief testimony that the victim told her she was raped was harmless in light of the victim's unequivocal and detailed testimony that Rosetta had raped her.

## III.

Rosetta contends the district court erred in admitting into evidence the victim's statements to the community health representative and to the doctor who treated her. Although the statements may not have been admissible as prior consistent statements of a witness under 801(d)(1)(B), they were admissible as statements for purposes of medical diagnosis or treatment under Fed. R. Evid. 803(4). See Tome, 61 F.3d at 1449-50. The advisory committee note to 803(4) provides: "Under the exception the statement need not have been made to a physician. Statements to hospital attendants, ambulance drivers, or even members of the family might be included." See id. at 1451.

## IV.

Rosetta also contends the prosecutor improperly commented on Rosetta's right to remain silent when she stated in opening argument:

As a matter of common sense, you, being the judges of the fact, think about who is actually going to be a witness in a rape case. It usually happens not in a public place, usually happens only between two people, primarily behind closed doors. And so this case, as in most--all rape cases, it just has to be true that the most important witness the Government is going to bring to you is the complaining witness, the woman who reported this rape, the woman who is going to tell you she was raped by Jeremy Rosetta.

Append. VI at 51.

The test for determining whether a statement is an impermissible comment on defendant's right to remain silent is "'whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment' on the defendant's right to remain silent." United States v. May, 52 F.3d 885, 890 (10th Cir. 1995) (quoting United States v. Mora, 845 F.2d 233, 235 (10th Cir. 1988)). The language here did not refer to Rosetta and was not a comment on his right to remain silent. It was a comment on the fact that almost always the only persons present at a rape are the victim and the assailant and that the victim will be the prosecution's most important witness. The language was not manifestly intended as, or of such character that the jury could naturally and necessarily take it to be, a comment on Rosetta's right to remain silent.

V.

Rosetta contends the district court erred in requiring him to pay $4,700 in restitution because the court failed to make specific findings of fact resolving his objections to the findings in the presentence report as to the victim's monetary losses. Fed. R. Crim. P. 32(c)(1) provides that, at sentencing, the district court, "[f]or each matter controverted, . . . must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." This court has repeatedly held that "a district court may not satisfy its obligation by simply adopting the presentence report as its findings." United States v. Farnsworth, 92 F.3d 1001, 1011 (10th Cir.), cert. denied 117 S. Ct. 596 (1996). Because the district court failed to make specific findings resolving Rosetta's objections to the findings in the presentence report, the restitution portion of the sentence must be set aside and the case remanded for further findings on the restitution issue.

VI.

The judgment of conviction is AFFIRMED. The restitution portion of the sentence is VACATED and the case REMANDED for further findings on the restitution issue.

Entered for the court

Mary Beck Briscoe
Circuit Judge

-8-