S97G1107. SHIVER v. NORFOLK-SOUTHERN RAILWAY COMPANY.
(496 SE2d 903)

THOMPSON, Justice.

We granted a petition for certiorari to the Court of Appeals in *Shiver v. Norfolk-Southern R. Co.,* 225 Ga. App. 544 (484 SE2d 503) (1997), to determine whether an unsworn, extrajudicial declaration of a party-witness, which contradicts a subsequent sworn statement by that party, must be construed against him under the rule in *Prophecy Corp. v. Charles Rossignol, Inc.,* 256 Ga. 27 (343 SE2d 680) (1986). Because we hold that *Prophecy Corp.* does not apply, we reverse the grant of summary judgment to the employer.

Shiver, a railroad trainman, was injured during the course of his employment with Norfolk-Southern Railway Company (Railway), while realigning a boxcar drawbar. Shortly thereafter, Shiver agreed

to be interviewed by a railway claim agent who was investigating the reported injury. In an unsworn statement given to the claim agent, Shiver described the events which caused his injury.

Seven months later, Shiver filed suit against the Railway to recover damages under the Federal Employers' Liability Act (FELA), 45 USCA § 51 et seq., and the Automatic Coupler Act, 45 USCA § 2, a section of the Federal Safety Appliance Act (SAA), 45 USCA § 1 et seq. Discovery ensued. In sworn responses to defendant's interrogatories, as well as in deposition testimony, Shiver explained that the boxcar couplers malfunctioned by failing to connect automatically, and in his struggle to realign the drawbar, he injured his back.[1]

The Railway moved for summary judgment on the basis that Shiver's unsworn statement to the claim agent negated any violation of the SAA, see *Norfolk & Western R. Co. v. Hiles*, 516 U. S. 400 (116 SC 890, 134 LE2d 34) (1996) (absent an operational defect, railroad not liable under the SAA for injuries incurred by railroad employee while trying to straighten a misaligned drawbar), and that his subsequent sworn testimony must be construed against him under *Prophecy Corp.*[2] In opposition to summary judgment, Shiver relied on his sworn testimony to support his FELA and SAA claims. The trial court granted summary judgment in favor of the Railway.

The Court of Appeals affirmed, applying the rule in *Prophecy Corp.*, and concluding that because Shiver's sworn testimony conflicted with his prior statement to the claim agent, and because he offered no explanation for the conflict, the favorable portions of his sworn statement must be construed against him, entitling the Railway to judgment as a matter of law.

We ruled in *Prophecy Corp.* that self-contradictory *testimony* is construed against a party-witness, absent a reasonable explanation for the contradiction. *Prophecy Corp.*, supra at (2). By definition, testimony "is the statement made by a witness *under oath or affirmation.*" (Emphasis supplied.) *Crawley v. Selby*, 208 Ga. 530, 536 (3) (67 SE2d 775) (1951). Likewise, it is defined by Black's Law Dictionary, p. 1476, 6th ed. rev. (1990), as "evidence given by a competent witness under oath or affirmation; as distinguished from evidence derived from . . . other sources." *Prophecy Corp.* rests on the prin-

---

[1] Under 45 USCA § 2: "It shall be unlawful for any railroad to . . . use on its line any car not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." See also *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528 (1) (442 SE2d 269) (1994) (railroad automatically liable for damages if its coupling or uncoupling devices do not meet the requirements of the SAA, and a worker is injured as a result).

[2] The parties disagree as to whether Shiver's sworn statement contradicts the prior explanation given to the claim agent; however, for the reasons which follow we are not required to decide that question.

ciple that a party knows what he has sworn and may not swear in contradiction to that which he has sworn to be true without explanation. *Prophecy Corp.*, supra at 28. The rule was not intended to apply to an unsworn statement of a party-witness, and we decline to so extend it. See generally *Marietta Intl. Sales v. Federated Mut. Implement &c. Ins. Co.*, 122 Ga. App. 133 (176 SE2d 460) (1970) (party facing summary judgment is not bound by inconsistent extrajudicial admission, provided there is other admissible evidence which would raise a factual issue); *Atlantic Coast Line R. v. Hall*, 114 Ga. App. 538 (151 SE2d 914) (1966) (in trial of FELA action contradictory testimony rule not extended to pretrial statement given to company investigator); *Tuggle v. Waller*, 91 Ga. App. 721 (87 SE2d 123) (1955) (party's extrajudicial statement which contradicted his trial testimony does not invoke rule of construction of a party's testimony).

Because the Court of Appeals, in affirming summary judgment to the Railway, erroneously applied our ruling in *Prophecy Corp.* to unsworn, extrajudicial statements, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 9, 1998.

*Burge & Wettermark, F. Tucker Burge, Tom W. Thomas,* for appellant.

*J. Converse Bright,* for appellee.