A00A0929. WHITE v. NORFOLK SOUTHERN RAILWAY COMPANY.
(542 SE2d 511)

BARNES, Judge.

Nancy E. White, administratrix of the estate of her late husband, James E. White, appeals the grant of summary judgment to Norfolk Southern Railway Company in her action against the railroad under the Federal Employers' Liability Act, 45 USC § 51 et seq. ("FELA"), and the Federal Safety Appliance Act, 49 USC § 20301 et seq. ("FSAA"), for the death of her husband. The trial court granted summary judgment to Norfolk Southern because it found that *Kelson v. Central of Ga. R. Co.*, 234 Ga. App. 200 (505 SE2d 803) (1998), required that result. The issue before us is whether *Kelson* requires the result reached by the trial court. As we find that the trial court misapplied *Kelson*, we must reverse.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the party opposing the motion should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

2. Giving Mrs. White the benefit of all reasonable doubt, and construing the evidence and all inferences and conclusions in her favor, as the party opposing the motion, the record shows that James White, a conductor for Norfolk Southern, was killed while attempting to couple two railroad cars on a freight train. The cars would not attach properly, and it was later determined that this failure resulted from defective coupling devices on both cars.

Norfolk Southern contends that, after the first attempt to couple the cars failed, White decided to stand between the cars during coupling to hold the defective coupling device on one car so that the device would hold its position and attach to the coupling device on the other car. When the coupling was again attempted, the rail cars came too

close together and White was crushed between the cars. Norfolk Southern contends further that it cannot be liable for White's death because its work rules prohibit its employees from standing between cars during coupling for any reason and that White's violation of this rule was the sole, proximate cause of his death. See *Kelson*, supra, 234 Ga. App. at 209 (4):

> Kelson's voluntary and deliberate action in climbing between the moving train cars and, in the process, letting go of the handgrip, when he could have waited *mere seconds* for the coupling to be complete, was so unreasonable, unnecessary, and dangerous that the trial court was justified in finding that such action constituted the sole, proximate cause of his injuries.

We find significant differences, however, between the facts in *Kelson* and the facts in this case. Kelson testified about his actions and admitted that he voluntarily decided to climb between the cars while the cars were being coupled. Id. at 201. Also, in *Kelson*, no defects were found in the equipment on the cars. Id. In this case, the coupling devices on both cars were defective, and no direct evidence shows that White voluntarily or intentionally remained between the cars. Norfolk Southern would have us infer that he intentionally stood between the cars because, after the accident, he was found caught between the cars and a conductor on another train heard him order his engineer to "slack off" in a tone of voice that suggested that something was wrong.

All that is known with certainty, however, is that after the first unsuccessful attempt to couple the cars, White instructed the engineer to try again, then instructed him to "ease back about ten feet," and finally ordered the engineer to slack off. We find that this evidence does not support Norfolk Southern's proposed inference that White was intentionally standing between the cars at the time. Although it is possible that White may have done what Norfolk Southern suggests, " '[a]n inference cannot be based on mere conjecture or possibility.' " *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 683 (3) (a) (498 SE2d 748) (1998). It is equally possible that White may have been caught between the cars unintentionally. Accordingly, we find no factual support for the trial court's application of *Kelson* to these facts, and, therefore, the grant of summary judgment to Norfolk Southern based on *Kelson* must be reversed.

3. This case also differs from *Kelson* because there an FSAA violation was alleged, but not shown. Here, the evidence showing that the coupling devices failed on two occasions and the additional evidence that the coupling devices on both rail cars were found to be

defective after the accident at the very least creates an issue of fact concerning a violation of the FSAA. See 45 USC § 53; 49 USC § 20302 (a) (1) (A) (formerly 45 USC § 2); *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528, 529 (1) (442 SE2d 269) (1994); *Western & Atlantic R. v. Gentle*, 58 Ga. App. 282, 288-296 (198 SE 257) (1938). When some evidence shows an FSAA violation, summary judgment is not appropriate. *Shiver v. Norfolk-Southern R. Co.*, 269 Ga. 168 (496 SE2d 903) (1998).

Further, under the FELA, an employee's contributory negligence is not a bar to recovery, 45 USC § 53, and a railroad can be held liable even for slight negligence that was the proximate cause of an employee's injury. *Kelson*, supra, 234 Ga. App. at 203. Thus, if the railroad's negligence was the proximate cause of his death, Mrs. White could still recover for her husband's death even if he were somehow shown to have been negligent also. Under the evidence in this case, the violations of the FSAA and the misalignment of the rail cars raise the issue of the railroad's negligence sufficiently to send this case to a jury.

Accordingly, the trial court erred by granting summary judgment to Norfolk Southern.

*Judgment reversed. Eldridge, J., concurs fully and specially. Blackburn, P. J., concurs in the judgment only.*

ELDRIDGE, Judge, concurring specially.

While I agree totally with the opinion of the majority, I feel it necessary to clarify some points, because my *Kelson v. Central of Ga. R. Co.*, 234 Ga. App. 200 (505 SE2d 803) (1998), opinion has been misconstrued in the trial court.

In *Kelson v. Central of Ga. R. Co.*, supra, plaintiff's conduct was the sole proximate cause of his injuries, because Kelson negligently moved from a position of safety on a side ladder to the end ladder while attempting to hold his radio in his free hand, released his hold on the side ladder, attempted to grab the end ladder with such hand, missed the grab, and jumped to the coupling to break his fall just prior to the coupling impact; his foot was caught in the coupling. Although Kelson alleged a violation of the Federal Safety Appliance Act, he presented no evidence of such violation.

1. Under the FSAA and the Automatic Coupler Act, proof of a defect in safety equipment at trial by the injured employee constitutes strict liability of the railroad under either of the federal acts. See 45 USC § 53; 49 USC 20302 (a) (1) (A) (formerly 45 USC § 2); *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528, 529 (1) (442 SE2d 269) (1994); *Western & Atlantic R. v. Gentle*, 58 Ga. App. 282, 288-296 (198 SE 257) (1938). Therefore, the railroad is not entitled to summary judgment where there exists any evidence that either the

FSAA or ACA has been violated, causing injury to the employee. *Shiver v. Norfolk-Southern R. Co.*, 269 Ga. 168 (496 SE2d 903) (1998).

2. As to the Federal Employers' Liability Act, the railroad is liable for slight negligence; therefore, the employee's negligence cannot constitute the sole proximate cause of his injury but only a concurrent proximate cause where the railroad's negligence constituted a concurrent proximate cause of his injuries. See *Kelson v. Central of Ga. R. Co.*, supra at 203. Thus, where the railroad is negligent in the misalignment of the box cars, negligent in violation of the FELA, FSAA, or ACA that causes the employee to have to go between the box cars to effect a coupling, then the negligence of the employee in violating the work rules and placing himself in a position of danger does not constitute the sole proximate cause of his injuries but merely a concurrent proximate cause. See *Kelson v. Central of Ga. R. Co.*, supra at 203. If the railroad could escape liability under the FELA, FSAA, or ACA by merely making all dangerous acts required to be performed in the employment on the railroad the sole proximate cause of the employee's injury, then the railroad would successfully avoid the intent and purpose of these Acts in contravention of the intent of Congress, because it knows that such dangerous conduct must be engaged in by employees to keep the railroad functioning despite any work rules.

DECIDED NOVEMBER 2, 2000 —
RECONSIDERATION DENIED DECEMBER 12, 2000 —

*Burge & Wettermark, F. Tucker Burge, Grover & Childs, Denmark Groover, Jr.*, for appellant.
*Weissman, Nowack, Curry & Wilco, William C. Thompson, Laura S. Morris*, for appellee.