A01A2243. CARTER et al. v. STATE OF GEORGIA.
(561 SE2d 856)

POPE, Presiding Judge.

Curtis Carter and Amber D'Avino appeal the judgment forfeiting their 1993 Ford Ranger truck to the State of Georgia. The truck was forfeited under OCGA § 16-13-49 because it was used to facilitate the possession of marijuana with the intent to distribute in violation of OCGA § 16-13-30. We affirm because D'Avino made an admission against interest which supported the trial court's findings.

The record shows that Clarke County Police Officer Mike Hunsinger told United States Postal Inspector Ellen Massey that D'Avino regularly received shipments of ecstasy and marijuana in packages delivered to a post office box in Athens. Hunsinger also told Massey that, based on information he received from a confidential informant, an associate of D'Avino, "Tasha Goodwin," would open a post office box for the purpose of receiving drug contraband on behalf of D'Avino. Massey conducted an independent investigation and determined that Carter and D'Avino had rented a post office box at the Athens main post office. She also discovered that between June 27, 2000, and September 13, 2000, seven Express Mail packages weighing between one and two pounds had been delivered to their post office box from an address in Eureka, California. The Eureka address did not exist.

On December 7, 2000, Massey learned that a package from the

same nonexistent California address was in the process of shipment by Express Mail to a "Tasha Pippin" at a post office box address at the Athens main post office. This post office box, which was not the same post office box rented to Carter and D'Avino, had been rented to "Latasha Pippin" on December 1, 2000. Latasha Pippin and Latasha Goodwin were the maiden and married name of the same person, although this was not known to Massey at the time. Massey arranged for a trained narcotics dog to examine a lineup of packages, including the unopened package from California, but the dog did not alert to the presence of drugs. Nevertheless, based on this information and her experience that a mailer of a contraband drug package often uses a nonexistent address, Massey prepared and submitted an affidavit in support of a search warrant for the Tasha Pippin package to the United States District Court for the Northern District of Georgia. A federal judge issued the warrant.

Massey opened the package and found two bags of marijuana. She then wrapped and sealed the package and placed it in a parcel locker at the Athens main post office. She placed a key to the parcel locker in the Latasha Pippin post office box. Carter later removed the key to the parcel locker from the Latasha Pippin post office box and then retrieved the package containing the contraband. Police arrested Carter as he was entering the truck with the package.

After taking Carter into custody, police went to the residence shared by Carter and D'Avino. D'Avino admitted to an arrangement that she and Carter had with a source in California for receiving contraband drugs through the United States mail. D'Avino also told the officers that she had solicited Goodwin to obtain a post office box for the purpose of receiving the drug packages meant for Carter and D'Avino. Based on the foregoing, the State filed an in rem complaint for forfeiture against the Ford truck.

In their enumerations of error, Carter and D'Avino challenge the admissibility of the federal search warrant, claiming it was not certified and not admissible as a business record, and they also argue that the trial court erred in overruling their motion to suppress the evidence found in the Express Mail package. But we need not reach these issues because the judgment forfeiting the truck must be affirmed regardless of the merit of these enumerations of error.

"A forfeiture action is a civil proceeding. The State, as plaintiff, was required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases." (Citations, punctuation and emphasis omitted.) *Bettis v. State of Ga.*, 228 Ga. App. 120, 121 (491 SE2d 155) (1997). The trial court, sitting as trier of fact, found that D'Avino knew that Carter was using their truck to pick up a shipment of marijuana and that she was aiding and abetting a violation of OCGA § 16-13-30. "[W]e will

not disturb [the trial court's] findings unless they were clearly erroneous. And a trial court's findings of fact are not clearly erroneous if there is any evidence to support them." (Citations and punctuation omitted.) *Jones v. State of Ga.*, 249 Ga. App. 64, 68 (3) (547 SE2d 725) (2001). The evidence shows that after police arrived at the Carter-D'Avino residence, D'Avino let them in voluntarily, at which time police observed what they believed to be contraband. They decided to question D'Avino, and, having been informed of her *Miranda* rights, she told the officers that

> she and Mr. Carter had been obtaining marijuana from a source in California for several months, that they were obtaining marijuana three or four times a month from the source, that she had been to the source's residence in California for a period of time. . . . She advised that she knew that Curtis had gone at that time to go pick up the package from the post office and the package would contain marijuana because they had placed an order from the source.

Even if the original informant was unreliable, the officers were authorized to knock on D'Avino's door to investigate. See generally *Hall v. State*, 239 Ga. 832 (1) (238 SE2d 912) (1977).

This is a civil proceeding, in which "an out-of court confession is an admission against interest, and its introduction into evidence [may make] out a prima facie case for the plaintiff. [Cits.]" *Hall v. State of Ga.*, 226 Ga. App. 486, 487 (486 SE2d 710) (1997). The trial court set forth D'Avino's admission as a separate and independent basis for the forfeiture. Assuming, without deciding, that Carter and D'Avino are correct in their enumerations attacking the admissibility of the federal search warrant and the legality of its issuance, the trial court was nevertheless authorized to enter its judgment of forfeiture based solely on D'Avino's confession.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MARCH 11, 2002.

*James W. Smith*, for appellants.

*Kenneth W. Mauldin, District Attorney, Anthony C. Lee Hing, Thomas W. Hayes*, for appellee.