## A02A0186. BELCHER v. CSX TRANSPORTATION, INC.
### (566 SE2d 370)

BLACKBURN, Chief Judge.

In this action based on the Federal Employers' Liability Act (FELA), Larry Belcher appeals the trial court's grant of summary judgment in favor of CSX Transportation, Inc., contending that questions of fact remain whether negligent acts attributable to CSX contributed to an injury he received while acting as a train conductor. For the reasons set forth below, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewing the evidence in this light, the record shows that, on the rainy morning of November 16, 1998, Belcher was called to work at the Martin Brower loading facility, where CSX was delivering frozen french fries. At the far end of the loading facility, just where the track begins to run next to it, a "close clearance" sign is posted, warning workers of the proximity between the building and the train cars. Belcher testified that he never saw the sign prior to his accident.

On the morning in question, Belcher was acting as conductor for the french fry delivery, and Terry Carswell was the engineer. During the operations, Belcher rode along on a ladder on one of the cars on the side of the train closest to the loading facility. Carswell sat in the engineer's seat on the opposite side of the train. Carswell and Belcher could not see each other from their respective positions and communicated by radio.

As he attempted to line up the correct boxcar at the correct loading gate, Belcher ordered Carswell to move forward and climbed onto the side of the train. Belcher stated that, normally, he would have walked on the ground beside the train; however, rainwater had collected on the ground and he had forgotten to wear his rubber boots that day. As the train approached the last gate, it went past both a metal fence and a set of stairs jutting out from the side of the loading facility. Belcher's testimony indicates that, as he approached the obstructions, he radioed to Carswell to stop the train. Carswell, however, did not stop the train immediately, and, as the train moved

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

ahead, Belcher's rain jacket snagged on the stairs platform and pulled Belcher off the train ladder. Momentarily suspended, Belcher began to spin, and an open boxcar latch on an approaching boxcar struck him on the side, causing him to topple to the ground.

The latch which Belcher collided with was apparently an open latch on one of the boxcars which he had not previously noticed. Belcher testified that he did not, as a general matter, inspect the cars to determine whether latch handles were open, although he further admitted that it was his job to ensure that there were no protuberances off of the cars before they were moved.

Belcher's testimony that Carswell did not stop the train when he was supposed to do so creates a question of fact whether negligent actions attributable to CSX contributed in some way to his injuries.

> Plaintiffs . . . have a relaxed burden in proving causation in FELA actions. Plaintiffs must only provide a reasonable basis for a jury to conclude that the employer's negligence played a part in producing the injury for which damages are sought. The test of a jury case is simply whether the proofs justify within reason the conclusion that employer negligence played any part, *even the slightest*, in producing the injury or death for which damages are sought.

(Citations and punctuation omitted.) *Fulmore v. CSX Transp.*[2]
Furthermore,

> the case law is clear that under an FELA action, the standards of liability for negligence are significantly broader than in ordinary common law negligence actions. Slight negligence, necessary to support an FELA action, is defined as a failure to exercise *great* care, and that burden of proof, obviously, is much less than the burden required to sustain recovery in ordinary negligence actions. The FELA is meant to provide a broad remedial framework for railroad workers and, in light of that purpose, is to be liberally construed in their favor. In other words, trial by jury is part of the remedy in FELA cases.

(Citations and punctuation omitted.) *Kelson v. Central of Ga. R. Co.*[3]
We note that there are unsworn statements made by Belcher in a recorded conversation with a CSX claims agent shortly after the accident which are inconsistent with his trial testimony. In this conver-

---

[2] *Fulmore v. CSX Transp.*, 252 Ga. App. 884, 886 (1) (557 SE2d 64) (2001).
[3] *Kelson v. Central of Ga. R. Co.*, 234 Ga. App. 200, 203 (1) (a) (505 SE2d 803) (1998).

sation, Belcher indicated that Carswell stopped when he was told to do so. Belcher also stated that he saw the hazards which caused his injuries in advance but stayed on the side of the train because he believed he could get past them without incident. In his pre-trial deposition, Belcher was given time to review his statement, and he made a general acknowledgment of the accuracy of this prior statement, although no specifics were discussed. This Court has recently held that the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*[4] does not apply under these circumstances.

> The *Prophecy Corp.* rule does not apply to unsworn statements. The transcript of the [interview with the insurance adjuster] is not somehow transformed into sworn testimony simply because [Belcher] verified the accuracy of the transcript during his deposition. [Belcher] only verified that the transcript was accurate; he was not under oath when the conversation itself took place.

(Citations omitted.) *Robison v. George.*[5]

Belcher's trial testimony that Carswell did not heed his order to stop creates an issue of fact whether CSX's negligence played a part in his injuries, even if that negligence was only slight. While a jury is free to consider the conflict between Belcher's unsworn statements and his trial testimony, it may not be considered for summary judgment purposes absent the application of the *Prophecy Corp.* rule. Accordingly, this case must be heard by a jury.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

DECIDED MAY 31, 2002 —
RECONSIDERATION DENIED JUNE 12, 2002 — ▉▉▉▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*Robertson, Bodoh & Nasrallah, Mathew G. Nasrallah*, for appellant.

*Casey, Gilson, Williams & Shingler, Sandra Gray*, for appellee.

---

[4] *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).
[5] *Robison v. George*, 253 Ga. App. 635, 637 (560 SE2d 108) (2002).