S02G1624. CSX TRANSPORTATION, INC. v. BELCHER.
(579 SE2d 737)

FLETCHER, Chief Justice.

We granted a writ of certiorari to consider whether *Prophecy Corporation v. Charles Rossignol, Inc.*[1] applies to contradictions between a party's unsworn statement that he affirms under oath as true and other portions of his sworn testimony. Because a party who affirms under oath the truth and accuracy of an unsworn statement has incorporated the statement into his sworn testimony, we hold that *Prophecy* applies when the unsworn statement that has been adopted contradicts other portions of the party's sworn testimony and reverse the Court of Appeals of Georgia's contrary holding.[2] In this case, however, appellee Belcher did not affirm the truth and accuracy of his unsworn statement, and we therefore affirm the judgment of the court of appeals.

---

[1] 256 Ga. 27 (343 SE2d 680) (1986).

[2] *Belcher v. CSX Transportation, Inc.*, 255 Ga. App. 726 (566 SE2d 370) (2002).

Belcher was injured while working as a trainman for CSX Transportation, Inc. During his deposition in a lawsuit he filed against CSX, Belcher was shown an unsworn statement he had given to a CSX investigator shortly after the accident. Later in the same deposition, Belcher gave an account of the accident that was more favorable to his legal position than the one in the unsworn statement.

Relying on *Prophecy*, the trial court discounted Belcher's favorable rendition of the accident and, based on the remaining evidence in the record, granted summary judgment to CSX. The court of appeals reversed, holding that *Prophecy* does not apply to contradictions created by unsworn statements even when they are affirmed under oath as true.

1. Under *Prophecy*, a trial court that is faced with a party's self-contradictory sworn testimony on a material fact should disregard the portions of that testimony that favor the party when deciding a motion for summary judgment, unless the party offers a reasonable explanation for the contradiction. The *Prophecy* rule applies only to self-contradictions in a party's sworn testimony. It does not apply to unsworn statements,[3] non-party witness testimony,[4] or contradictions between a party's testimony and another person's testimony.[5] Here, Belcher is a party who gave an unsworn statement that CSX contends he subsequently affirmed under oath as true during his deposition, thereby making it part of his sworn deposition testimony.

Although we have not previously addressed whether an unsworn statement becomes part of the witness's present, sworn testimony once it is affirmed under oath as true, federal courts that have considered the issue have held that it does.[6] Furthermore, at least one Georgia Court of Appeals decision has held that a testifying witness properly incorporated into his sworn testimony the contents of a document by referring to that document as a shorthand way for providing a lengthier answer.[7]

The holdings of these cases are consistent with Georgia law that "testimony is the statement made by a witness under oath or affirmation."[8] Whether a testifying witness repeats an unsworn statement verbatim or acknowledges its truth and accuracy generally, the

---

[3] *Shiver v. Norfolk-So. Rwy. Co.*, 269 Ga. 168, 168 (496 SE2d 903) (1998).

[4] *Thompson v. Ezor*, 272 Ga. 849, 852-853 (536 SE2d 749) (2000).

[5] *Thornton v. National Am. Ins. Co.*, 269 Ga. 518, 520 (499 SE2d 894) (1998).

[6] *United States v. Rosetta*, 127 F.3d 1110 (10th Cir. 1997) ("Adoption of prior statements by a witness will make the statements a part of the witness' present testimony." (punctuation omitted)); *Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147, 153 (1st Cir. 1991); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1274 (7th Cir. 1984); *BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 184 F.R.D. 3, 6 (D.D.C. 1999).

[7] *Norfolk So. Rwy. Co. v. Thompson*, 208 Ga. App. 240, 247 (430 SE2d 371) (1993).

[8] *Shiver*, 269 Ga. at 169.

result is the same: the witness adopts the previously unsworn statement as part of his present, sworn testimony.

Accordingly, we hold that a witness under oath who testifies that an unsworn statement is true and accurate incorporates the earlier statement into his present, sworn testimony. When a contradiction exists between an unsworn statement that a party has incorporated into his sworn testimony and other portions of that party's sworn testimony, courts should apply the rule articulated in *Prophecy* to resolve any contradiction that involves a material fact. We overrule *Robison v. George*[9] to the extent it holds that *Prophecy* does not apply when a party's testimony is contradicted by an unsworn statement that the party has testified under oath accurately states the truth, and reverse the court of appeals's holding in this case to the extent it follows *Robison*.

2. Turning to the facts in this case, we find that Belcher did not affirm under oath the truthfulness and accuracy of his earlier unsworn statement and, therefore, did not make it a part of his sworn deposition testimony. After placing Belcher under oath at the beginning of his deposition, CSX's attorney presented Belcher with an 11-page transcription of his oral statement to the railroad's investigator. CSX's counsel asked Belcher to review it and mark any areas that were incorrect. After Belcher made three minor changes, CSX's counsel asked Belcher whether the "substance of what you recalled when you gave this statement in December of 1998 is accurate as we sit here today," Belcher gave both affirmative and negative responses, as follows:

> Q: So the substance of what you recalled when you gave this statement in December of 1998 is accurate as we sit here today?
> Belcher's counsel: Objection.
> A: Yes.
> Q: Yes?
> A: No.

Belcher then suggested that CSX go over the statement with him "one part at a time." CSX's counsel, however, asked Belcher to set aside the statement, and counsel never returned to it during the remainder of the deposition.

Belcher's contemporaneous contrary answers regarding whether his unsworn statement accurately reflected what happened when he was injured do not demonstrate that Belcher incorporated any portion of his unsworn statement into his sworn deposition testimony. At

---

[9] 253 Ga. App. 635, 637 (560 SE2d 108) (2002).

most, Belcher's responses created an ambiguity. CSX could have questioned Belcher "one part at a time" or otherwise clarified the record to show that Belcher meant "yes," instead of "no," when he was asked whether his earlier statement accurately reflected what had occurred.

Because the record does not show that Belcher affirmed under oath the truth and accuracy of the portion of his unsworn statement on which CSX relies to support its entitlement to summary judgment, *Prophecy* does not apply to preclude Belcher's reliance on his deposition testimony. Triable issues of fact exist in the record, and the court of appeals therefore correctly concluded that CSX was not entitled to summary judgment.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 29, 2003.

*Casey, Gilson & Williams, Sandra Gray*, for appellant.
*Robertson, Bodoh & Nasrallah, Mathew G. Nasrallah*, for appellee.